UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COMPASS BANK, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV1059 JCH |
| ) | |
| EAGER ROAD ASSOCIATES, LLC, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Dismiss Counterclaims for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, to Strike Allegations in the Counterclaims, filed on March 15, 2013. ("Motion to Dismiss," ECF No. 168). This motion is fully briefed and ready for disposition.

**BACKGROUND**

This action arises out of a financial transaction involving the development of commercial and retail property located at 8300 Eager Road in Brentwood, Missouri. (Plaintiffs' Memorandum in Support of Motion to Dismiss Counterclaims for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, to Strike Allegations in the Counterclaims ("Memo in Support"), ECF No. 169, p. 4). The development of this property, which was known as The Meridian at Brentwood ("the Meridian"), led to two previous lawsuits: a state court action in St. Louis County, Missouri, and a federal court action in this Court. (Id.). Both previous lawsuits were dismissed after the parties entered into a settlement agreement titled "Revised Outline of Settlement Terms and Conditions" ("Settlement Agreement") during mediation on September 9, 2011. (Id., p. 5). The

parties also executed an Acknowledgment and Acceptance of Settlement Agreement and Mutual Release of Claims ("Mutual Release") on or about September 15, 2011.  (Id.).

Plaintiffs Compass Bank and Vectra Bank Colorado, N.A., filed their Complaint in this Court on June 13, 2012, on the basis of diversity jurisdiction.  (ECF No. 1).  In their Complaint, Plaintiffs seek damages for breach of the Settlement Agreement and specific performance of the Settlement Agreement.  (Id., pp. 7-10). Defendants Eager Road Associates, LLC, Alan R. Skop, Don C. Musick III, and Adolphus A. Busch IV (collectively "the ERA Defendants") filed their "Answer, Affirmative Defenses and Counterclaims" on February 22, 2013.  ("Answer," ECF No. 160).  The ERA Defendants' Answer contains three counterclaims: Count I alleges breach of contract for failure to provide a letter of credit as required under the Settlement Agreement, Count II alleges breach of contract for continuing to apply the default rate of interest and fees in violation of the Settlement Agreement, and Count III alleges breach of the covenant of good faith and fair dealing for withholding material information concerning the creditworthiness and credit rating of Plaintiff Compass Bank and refusing to cooperate after the downgrade in Plaintiff Compass Bank's credit rating and outlook.

As noted above, Plaintiffs filed their Motion to Dismiss on March 15, 2013.  Plaintiffs argue the ERA Defendants' counterclaims are based on "conclusory allegations of fact and law" that are contrary to the language of the Settlement Agreement and Mutual Release.  The ERA Defendants counter that Plaintiffs' arguments are more appropriate for a motion for summary judgment and that the ERA Defendants have properly pled their counterclaims.

**STANDARD**

I.	**Motion to Dismiss**

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to the plaintiff.  Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008).  The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

II.	**Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1]

---

[1]"These terms have precise meanings under this rule. For example, redundant refers to statements wholly foreign to the issue or that are needlessly repetitive of immaterial allegations. Immaterial claims are those lacking essential or important relationships to the claim for relief. Impertinent claims are those that do not pertain to the issues in question." Simms v. Chase Student Loan Servicing, LLC, No. 4:08CV01480 ERW, 2009 WL 943552, at *2 n.3 (E.D.Mo. Apr. 6, 2009) (internal quotations and citations omitted).

Fed. R. Civ. P. 12(f).  "Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." Simms, 2009 WL 943552 at *2 (internal citation omitted). "Although the Court enjoys 'broad discretion' in determining whether to strike a party's pleadings, such an action is 'an extreme measure.'" Airstructures Worldwide, LTD v. Air Structures Am. Techs. Inc., No. 4:09CV10, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009) (quoting Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)).

## DISCUSSION

As indicated above, Plaintiffs argue the ERA Defendants' counterclaims are based on conclusory allegations of fact and law that are contrary to the language of the Settlement Agreement and Mutual Release.  The Court will look to Missouri law for the rules of decision because subject matter jurisdiction over this case is based on diversity of citizenship.  Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); General Electric Capital Corp. v. Union Planters Bank, N.A., 409 F.3d 1049, 1053 (8th Cir. 2005) ("In diversity cases, we apply the substantive law of the state in which the district court sits.").

Under Missouri law, a breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff.  Keveney v. Missouri Military Academy, 304 S.W.3d 98, 104 (Mo. 2010).

Missouri law also holds that every contract imposes upon each party a duty of good faith and fair dealing in the performance and enforcement of the contract.  This implied obligation prevents one party to the contract from exercising a judgment conferred by the express terms of the agreement in such a manner as to evade the spirit of the transaction or so as to deny the other party the expected

benefit of the contract.  <u>Farmers' Elec. Co-op., Inc. v. Missouri Dept. of Corrections</u>, 977 S.W.2d 266 (Mo. 1998); <u>Finova Capital Corp. v. Ream</u>, 230 S.W.3d 35 (Mo. Ct. App. 2007).  Similarly, this implied obligation forbids a party, by his own act, to render himself unable to perform, and then plead the inability as an excuse for nonperformance.  <u>Beavers v. Recreation Ass'n of Lake Shore Estates, Inc.</u>, 130 S.W.3d 702 (Mo. Ct. App. 2004).

The Court finds the ERA Defendants have adequately pled their counterclaims for breach of contract and breach of the covenant of good faith and fair dealing.  The parties all appear to acknowledge the existence and enforceability of the Settlement Agreement but disagree as to the terms of performance.  The ERA Defendants have provided enough facts in support of each counterclaim so that each counterclaim states a claim to relief that is plausible on its face.  For purposes of the ERA Defendants' counterclaims for breach of contract, their allegations that Plaintiffs failed to provide a letter of credit as required by the Settlement Agreement and failed to stop assessing the default rate of interest and certain fees as required by the Settlement Agreement are sufficient to survive a Rule 12(b)(6) motion to dismiss. For purposes of the ERA Defendants' counterclaim for breach of the covenant of good faith and fair dealing, their allegations that Plaintiffs withheld information concerning the creditworthiness and credit rating of Plaintiff Compass Bank and refused to cooperate after Plaintiff Compass Bank's credit rating downgrade are sufficient to survive a Rule 12(b)(6) motion to dismiss.

Additionally, the Court finds the ERA Defendants' counterclaims are not redundant, immaterial, impertinent, or scandalous.  <u>See</u> FED. R. CIV. P. 12(f).  Therefore, the Court will not strike the ERA Defendants' counterclaims.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Counterclaims for Failure to State a Claim Upon Which Relief Can Be Granted, or in the Alternative, to Strike Allegations in the Counterclaims (ECF No. 168) is **DENIED**.

Dated this 24th day of June, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE