**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| COMPASS BANK, et al., | ) | |
| | ) | |
| Plaintiffs/Counter-Defendants, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV1059JCH |
| | ) | |
| EAGER ROAD ASSOCIATES, LLC, et al., | ) | |
| | ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Renewed Motion to Dismiss or, in the Alternative, To Stay filed by Defendants/Counter-Plaintiffs Eager Road Associates, LLC, Alan R. Skop., Don C. Musick III, and Adolphus A Busch IV (jointly, ERA). (ECF No. 213). The matter is fully briefed and ready for disposition.

## BACKGROUND

On June 13, 2012, Plaintiffs/Counter-Defendants Compass Bank and Vectra Bank Colorado, N.A., (jointly the Banks) filed their Complaint in this matter seeking damages for the breach of a Settlement Agreement between the parties arising out of an underlying lawsuit brought in this district. In addition to ERA, the Banks named as Defendants UMB Bank, N.A., and the City of Brentwood, Missouri. (ECF. No. 1). The dispute underlying the original lawsuit arose out of a complex financial transaction involving the development of commercial and retail property known as The Meridian at Brentwood (the Meridian Project).

On July 12, 2012, ERA filed a parallel State action naming as defendants Compass Bank, Vectra Bank, UMB, and the City. In the State petition, ERA titled its claims "Declaratory Judgment

- All Defendants," and "Enforcement of the Settlement Agreement - Compass Bank and Vectra Bank." (ECF No. 213.1). The same day, ERA filed a Motion to Dismiss or, Alternatively, Stay in the matter under consideration based on the pending parallel State action. (ECF. No. 24). On August 31, 2012, upon denying ERA's Motion to Dismiss or, Alternatively, Stay, this Court held:

> Given that the parallel state action arose only after the ERA Defendants decided a state court proceeding would be more advantageous than the current action in this Court and thereby initiated the "competing" state proceeding, dismissing or staying the current action in this Court in favor of the state court proceeding would not clearly serve an important countervailing interest. See Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 813 (1976).

(ECF No. 92).

On October 4, 2012, the Banks filed the First Amended Complaint in this matter claiming "Specific Performance and Mutual Release" (Count 1), "Breach of Settlement Agreement and Mutual Release" (Count 2), "Breach of Covenant of Good Faith and Fair Dealing" (Count 3), and "Intentional Misrepresentation and Fraudulent Inducement" (Count 4). (ECF No. 107). Pursuant to a Motion to Dismiss filed by ERA seeking to dismiss the Banks' First Amended Complaint in its entirety for failure to state claims (ECF 118), on February 8, 2013, this Court dismissed the Banks' Fraudulent Inducement claim but denied the Motion to Dismiss as to the Banks' remaining claims (ECF No. 158).

Meanwhile, on about January 28, 2013, after the State Court had denied a motion to dismiss (ECF Nos. 213.3, 213.4), ERA filed an amended petition in the State action again seeking "Declaratory Judgment - All Defendants" and "Enforcement of the Settlement Agreement - Compass Bank and Vectra Bank." (ECF. No. 213.2). Thus, the State action remains pending.

In the motion under consideration, ERA renews its previously rejected argument that this

Court should abstain from exercising its jurisdiction in favor of the parallel State action, and further argues that, at this time, "issues decided by the courts and claims asserted by the parties have made it clearer that the Federal and State Actions are parallel and abstention is necessary under Colorado River." (ECF No. 213 at 6). ERA further argues that this forum is "inconvenient because its scheduling tracks and [] current case management order . . . are incompatible with the successful refinancing of the Project and thus with the settlement of this action"; dismissal by this Court will avoid piecemeal litigation; and Missouri law governs. (ECF No. 213.13 at 3-13). Alternatively, ERA requests the Court stay this matter for six months "to allow for possible refinancing of the Meridian Project that will resolve all disputes of the parties and leave [them] in a better position than they would be if this litigation moves forward." In support of their alternative request for a stay, ERA states that significant progress continues with respect to refinancing. (ECF No. 213 at 9).

As suggested by the Banks, at this time factors weigh more heavily in favor of denying a motion to abstain and dismiss than they did at the time this Court denied ERA's prior such motion as discovery is complete, and this matter is ready for trial. In fact, trial is set for December 4, 2013. See Mountain Pure, LLC v. Turner Holdings, LLC, 439 F.3d 920, 926 (8th Cir.2006)  (in determining whether abstention is appropriate, one factor is relative progress made in state and federal cases). As previously found by this Court, the ERA has failed to suggest exceptional circumstances justifying this Court's abandoning its "unflagging obligation" to exercise its jurisdiction. Mountain Pure, 439 F.3d at 926 (federal courts have "unflagging obligation . . . to exercise the jurisdiction given them"); see also Colorado River, 424 U.S. at 817-18. Additionally, given that ERA has filed Counterclaims in this matter, the resolution of matters before this Court will likely resolve claims asserted in the State action, thereby avoiding piecemeal litigation. See

3

Mountain Pure, 439 F.3d at 926  (non-exhaustive factors to determine whether, in case of parallel state and federal proceedings, exceptional circumstances warrant abstention, include, among other things, "whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed").

As for ERA's request that the matter be stayed for six months based on the progress of settlement negotiations, Fed. R. Civ. P. 408 generally precludes this Court's consideration of evidence of settlement negotiations; and, at this point in the proceedings, without the Banks' consent, a stay would unduly prejudice the Banks in that it would delay their right to adjudicate matters properly before this court.

Accordingly,

**IT IS HEREBY ORDERED** that the Renewed Motion to Dismiss or, in the Alternative, to Stay (ECF No. 213), filed by ERA is **DENIED**.


Dated this 28th day of October, 2013.


/s/Jean C. Hamilton
United States District Judge