# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **COMPASS BANK, et al.,** | ) | |
| | ) | |
| **Plaintiffs/Counter-Defendants,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:12CV1059JCH** |
| | ) | |
| **EAGER ROAD ASSOCIATES, LLC, et al.,** | ) | |
| | ) | |
| **Defendants/Counter-Plaintiffs.** | ) | |

## MEMORANDUM AND ORDER

Before the Court is the Motion for Summary Judgment on Counts I and II of the First Amended Complaint and Counts I, II, and III of the Counterclaims filed by Plaintiffs/Counter-Defendants Compass Bank and Vectra Bank Colorado, N.A. (jointly, the Banks).  (ECF No. 205). Also before the Court is the Motion for Partial Summary Judgment on Count II of the Counterclaims (ECF No. 211), and the Motion to Strike Plaintiffs' Statement of Additional Uncontroverted Material Facts in Support of Plaintiffs' Motion for Summary Judgment (ECF No. 287) filed by Defendants/Counter-Plaintiffs Eager Road Associates, L.L.C., Alan R. Skop, Don C. Musick, III, and Adolphus A. Busch, IV (jointly, ERA).  Additionally, the Banks have filed a Motion for Leave to File Statement of Additional Uncontroverted Material Facts.  (ECF No. 292).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The substantive

law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See id.

A moving party always bears the burden of informing the Court of the basis of its motion. See Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the mere existence of some alleged factual dispute. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. See Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. See Anderson, 477 U.S. at 255. The Courts function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. See id. at 249.

## FACTUAL BACKGROUND

In the First Amended Complaint the Banks seek damages for the breach of a Settlement Agreement between the parties arising out of an underlying lawsuit brought in this district. The Banks' claims are for "Specific Performance of Settlement Agreement and Mutual Release" (Count 1), "Breach of Settlement Agreement and Mutual Release" (Count 2), and "Breach of Covenant of Good Faith and Fair Dealing" (Count 3).[1] (ECF. No. 107). ERA's Counterclaims against the Banks are for "Breach of Contract" (Counts 1 & 2), and "Breach of Covenant of Good Faith and Fair

_____

[1]This Court dismissed Count 4 of the First Amended Complaint. (ECF No. 158).

Dealing" (Count 3). In addition to damages, ERA seeks specific performance of the Settlement Agreement. (ECF No. 160).

It is undisputed that Alan R. Skop, Don C. Musick III, and Adolphus Busch IV are individual members of ERA. In February 2010, ERA filed a civil action for damages and other relief against Compass Bank, UMB Bank, N.A., and the City of Brentwood in the Circuit Court of St. Louis County, Missouri, and, in March 2010, Compass Bank filed a civil action for damages and other relief against ERA in this Court. Both the State and federal actions arose out of a complex financial transaction involving the development of commercial and retail property known as The Meridian at Brentwood (the Meridian Project). On about September 9, 2011, the parties, through their respective attorneys, signed a document titled "Revised Outline of Settlement Terms and Conditions" (the Settlement Agreement), and on September 15, 2011, the parties themselves signed a document titled "Acknowledgment and Acceptance of Settlement Agreement and Mutual Release of Claims (the Mutual Release). The Settlement Agreement imposed mutual obligations on the parties, and specifically provided, among other things:

1.      **Contributions of Developer:**

a.      **Purchase of Developer Bonds:** Developer [ERA, Musick, Skop, and Busch] shall pay the Bank the sum of $4,150,000 and receive in exchange therefore Series 2007B Bonds as developer bonds ("Developer Bonds"), the principal of and accrued and unpaid interest of which aggregate $4,150,000. The Parties will attempt to structure the transaction and/or the closing so that the accrued interest is paid from the trust estate as defined in the Financing Documents. The terms and conditions of the Developer Bonds shall provide that the Developer Bonds be fully subordinate to the Series 2007A Bonds, the remaining Series 2007B Bonds (the "Senior Series 2007B Bonds") and all obligations due and owing to the Bank[2] under the Reimbursement Agreement. The Developer's purchase of Series 2007B Bonds . . .

---

[2]Compass Bank and Vectra Bank are collectively referred to as "Banks" in the Settlement Agreement, but in this instance, the Settlement Agreement refers to "the Bank."

shall occur at least one business day before the closing on the remarketing of the Senior Series 2007B Bonds or refunding of Bonds as provided [in the Settlement Agreement].  The purchase under this paragraph shall be deemed in satisfaction of the Developer's payment obligation under the Seventh Amendment to the Redevelopment Agreement.

**b.    Developer Letter of Credit:** . . .  Developer shall provide an irrevocable letter of credit payable to the Banks in three years ("Developer Letter of Credit"). . . in the amount of $1,350,000. . . . .  If the Bonds are not refinanced as provided in [the Settlement Agreement] within three years from the date of th[e] Settlement, the Banks shall have an absolute right to draw the full amount of the Developer Letter of Credit. . . .

(ECF No. 107.1 at 1-2).

The City's obligations under the Settlement Agreement included paying "$150,000 to the Banks to be used to pay down principal of the Senior Series 2007B Bonds currently held as Bank Bonds."  Upon the Developer's and the City's performance of their obligations, the Banks were obligated to issue a three-year letter of credit to support remarketing of the Senior Series 2007B Bonds.  "Alternatively, as may be later determined by the Parties, Compass agree[ed] to issue two three-year letters of credit to support refunding of the Series 2007A Bonds and Series 2007B Bonds."  Compass and the City agreed "to make a reasonable, good faith effort to cause the Senior Series 2007B Bonds to be remarketed, or the Bonds to be refunded, as soon as practicable."    The Settlement Agreement further provided that the Developer had "the right to explore refinancing opportunities that [would] allow all the Bonds (Series 2007A Bonds, Senior Series 2007B Bonds, and Developer Bonds) to be refinanced so that the Banks no longer serve as the Credit Facility Provider under the Financing Documents."  (Id. at 2-3).

The Settlement Agreement noted that the parties agreed that "further documentation, including amendments or modifications to Financing Documents from the 2007 Bond Issuance,

[would] be needed to finalize [the] Settlement and to allow the Bonds to be remarketed or refunded" and that "it would take time for the Parties to prepare and execute such additional documentation, . . . and to remarket or refund Bonds." (Id. at 4). The parties further agreed to dismiss the St. Louis County and the federal lawsuits and retained the right to enforce the Settlement Agreement. (Id.). After the Mutual Release was executed, the parties agreed to refinance the Meridian Project, including the Series 2007A and Series 2007B Bonds. (ECF Nos. 107 ¶ 24, 160 ¶ 24).

The Court finds, however, that there are genuine issues of material fact relevant to the disposition of the pending motions for summary judgment, including but not limited to, whether ERA has failed and refused to make the Developer Settlement Payment or deliver the Developer Letter of Credit to the extent required by the Settlement Agreement; whether ERA has failed and refused to complete the Bond refinancing to the extent required by the Settlement Agreement; whether, since the Settlement Agreement and Mutual Release were executed, the Banks have worked diligently and in good faith toward completion of the Bond refinancing; and what remains to be done in order to complete the Bond refinancing. The Court, therefore, will deny the parties' respective motions for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Banks' Motion for Summary Judgment on Counts I and II of the First Amended Complaint and Counts I, II, and III of the Counterclaims (ECF No. 205) is **DENIED**;

**IT IS FURTHER ORDERED** that ERA's Motion for Partial Summary Judgment on Count II of the Counterclaims (ECF No. 211) is **DENIED**;

**IT IS FINALLY ORDERED** that ERA's Motion to Strike Plaintiffs' Statement of

Additional Uncontroverted Material Facts in Support of Plaintiffs' Motion for Summary Judgment (ECF No. 287) and the Bank's Motion for Leave to File Statement of Additional Uncontroverted Material Facts (ECF No. 292) are **DENIED**, as moot.

Dated this 28th day of October 2013.

/s/ Jean C. Hamilton

United States District Judge

6